IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

REUBEN DURHAM, JR.                                                                                PLAINTIFF

        v.                                    Civil No. 07-5020

BENTON COUNTY DETENTION
CENTER MEDICAL STAFF                                                                       DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Reuben Durham, Jr., filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on February 1, 2007. His complaint was filed in forma pauperis (IFP). At the time Durham filed the complaint, he was incarcerated at the Benton County Detention Center.

On March 8, 2007, the undersigned entered an order (Doc. 5) directing Durham to complete, sign and return an attached addendum to his complaint. The addendum was to be returned by April 6, 2007.

On March 15, 2007, mail sent by the court to the plaintiff, including the court's order and attached addendum, were returned as undeliverable with a notation that the plaintiff was no longer at that facility. Although plaintiff failed to notify the court of his change in address, the court was able to learn via the website maintained by the Arkansas Department of Correction that Durham had been transferred to the East Arkansas Regional Unit. A change of address was entered (Doc. 6) and all mail that had been returned to the court was re-sent to the plaintiff.

No mail has been returned since the change of address was entered. Durham has not returned the addendum to the court. Durham has not requested an extension of time to complete the addendum and has not communicated with the court in anyway.

-1-

I therefore recommend Durham's claims be dismissed on the grounds he has failed to prosecute this action and comply with the order of the court. *See* Fed. R. Civ. P. 41(b).

**Durham has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Durham is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of May 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)